UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA BRATCHER,

      Plaintiff,

v.                                                                    Case No. 4:22-cv-206-MW/MJF

KILOLO KIJAKAZI,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Linda Bratcher brings this action under 42 U.S.C. § 405(g) to seek review of a final adverse decision of the Commissioner of the Social Security Administration. Because the Commissioner applied the proper legal standards, and her decision is supported by substantial evidence, the District Court should affirm the Commissioner's decision.

### I. Procedural History

In October 2017, Plaintiff applied for disability insurance benefits ("DIB") and supplement security income ("SSI"), and she alleged a disability-onset date of May 15, 2017. Tr. 324–36.[1] The Social Security Administration ("SSA") denied her

_____

[1] "Tr." refers to the transcript of the Social Security Administration record filed on August 31, 2022. Doc. 14. The page numbers cited herein are those found on the bottom right corner of each page of the transcript.

claim initially and on reconsideration. Tr. 74–141. In February 2021, Plaintiff, represented by counsel, appeared and testified telephonically during a hearing before an Administrative Law Judge ("ALJ"). Tr. 40–73. The ALJ ultimately found that Plaintiff was not disabled, and the Appeals Council denied Plaintiff's request for review. Tr. 1–7, 18–34. Thus, the ALJ's decision stands as the final decision of the Commissioner, subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). This appeal followed.

## II. THE ALJ'S FINDINGS

In denying Plaintiff's claim, the ALJ made the following findings under 20 C.F.R. §§ 404.1520(a)(4)(i)–(v) and 416.920(a)(4)(i)–(v)[2]:

1.    Plaintiff met the insured-status requirements of the Social Security Act ("the Act") through June 30, 2022;

2.    Plaintiff had not engaged in substantial gainful activity since May 15, 2017, the alleged disability-onset date;

3.    Plaintiff had the following severe impairments: degenerative disc disease, Barret's esophagus, gastrointestinal hemorrhage, anemia, hernia, hypertension, chronic kidney disease, brain hemorrhage, and respiratory disorder;

---

[2] Generally, the same legal standards apply to claims for DIB and SSI, but separate parallel statutes and regulations govern each claim. *See* 20 C.F.R. §§ 404, 416. Citations of statutes or regulations found in quoted court decisions in this report and recommendation should be considered to refer to the appropriate parallel provision.

4.     Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments;

5.     Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except

> avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas; frequently balance, stoop, kneel, crouch, or crawl; frequently climb ramps or stairs; occasionally climb ladders, ropes or scaffolds; avoid concentrated exposure to unprotected heights, moving machinery, and hazardous machinery;

6.     Plaintiff was able to perform past relevant work ("PRW") as an "explosives worker" as she performed it; and

7.     Plaintiff was not disabled, as defined in the Act, from May 15, 2017, through April 1, 2021. Tr. 17–33.

## III. STANDARD

In reviewing the Commissioner's final decision, a court may not "decide the facts anew, reweigh the evidence, or substitute its judgment for that of the [Commissioner]." *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The reviewing court instead ensures that the Commissioner's decision is supported by substantial evidence in the record and is the result of the application of proper legal standards. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If so, a court

cannot disturb the decision. 42 U.S.C. § 405(g); *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The substantial-evidence threshold is not high. *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154 (2019). Although substantial evidence is "more than a mere scintilla," it is not a preponderance; it requires only "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. *Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

## IV. PLAINTIFF'S HEARING[3]

At the hearing conducted by the ALJ, Plaintiff testified that she worked previously at a company that produced "plastic ammunition for the government." Tr. 57. The vocational expert ("VE") classified this PRW as "laborer, ammunition." Tr. 69. In that role, Plaintiff placed plastic capsules in "trays" and then filled the capsules with a "black powder," placed "tops" on the capsules, and placed the capsules "in a box and g[o]t them ready to ship out." Tr. 57–58. Plaintiff testified that she used a "vibrating machine" to fill the capsules. Tr. 57. She also testified that employees stood when filling the capsules and sat when placing "tops" on the

---

[3] The undersigned summarizes only the hearing testimony directly relevant to the issues raised by Plaintiff on appeal.

capsules. Tr. 58. Plaintiff testified that in both roles she "didn't do hardly any lifting or carrying," and that the most she lifted was three pounds Tr. 59.

Plaintiff then testified that after that PRW, she worked at a company that made "flares and boobytraps." Tr. 59–60. The VE classified this PRW as "explosives worker." Tr. 69. The ALJ referred to this PRW, without correction or objection, as involving "flare guns." Tr. 62, 63. At this job, Plaintiff "cut string to a certain length," "tie[d] knots in string," and used a "stencil . . . to draw on . . . tubes." Tr. 60. Plaintiff spent most of her workday seated at her workstation and "didn't lift anything." *Id.* Plaintiff further testified that although she had a "quota," "it wasn't . . . a very high quota." Tr. 61.

The VE classified both of the above PRW under number 737.687-074 of the Dictionary of Occupational Titles ("DOT"). Tr. 69. As to Plaintiff's "laborer, ammunition" PRW, the VE testified that it "is a medium with an SVP of 2," but "testified . . . to be in the light category." *Id.* As to Plaintiff's "explosives worker" PRW, the VE testified that it "is listed as medium with an SVP of 2," but "it was testified to be in the sedentary category of work." *Id.*

Afterwards, the ALJ asked the VE whether an individual limited to sedentary exertion with Plaintiff's RFC could perform any of Plaintiff's PRW. Tr. 71. The VE testified, "Yes, ma'am. The explosives worker as performed and testified to would still be available." The VE also testified that his testimony was consistent with the

DOT and that he had considered Plaintiff's vocational information in reaching his conclusion. Tr. 68, 71–72.

## V. DISCUSSION

Plaintiff raises two arguments on appeal. First, she contends that substantial evidence does not support the ALJ's finding at Step Four that Plaintiff was capable of performing her PRW as an "explosives worker."[4] Doc. 16 at 10–20. Second, Plaintiff contends that even if the ALJ's decision is supported by substantial evidence, this case must be remanded for a *de novo* hearing before a different ALJ because the ALJ had no constitutional authority to resolve Plaintiff's claim in light of the Commissioner's unconstitutional appointment. *Id.* at 20–23.

## A.    The ALJ's Step-Four Finding Is Supported by Substantial Evidence

Plaintiff contends that the ALJ erred at Step Four because the ALJ failed to resolve, as required by Social Security Ruling ("SSR") 00-4p, the purported conflict between Plaintiff's RFC and the VE's testimony that Plaintiff could perform her PRW as an "explosives worker." *Id.* at 15–16. Plaintiff also contends that the ALJ failed to resolve the conflict created by the VE assigning DOT 737.687-074 to Plaintiff's PRW as an "explosives worker" because that PRW does not fall under DOT 737.687-074. *Id.* at 17–20.

---

[4] Plaintiff raises three arguments on appeal. Her first and second arguments address the ALJ's Step Four finding. The undersigned, therefore, addresses these arguments together.

The Commissioner asserts that Plaintiff fails to show any conflict between her RFC and the requirements of working as an "explosives worker" as Plaintiff actually performed that position. Doc. 19 at 7. The Commissioner also asserts that because Plaintiff failed to raise at her hearing or before the Appeals Council any error relating to the DOT number assigned to her "explosives worker" PRW, Plaintiff invited any error relating to this issue. *Id.* at 8.

At Step Four, "the claimant carries a heavy burden of showing that his impairment prevents him from performing his [PRW]." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)). The claimant must demonstrate that she no longer can perform her PRW both "as she actually performed it" and "as it is performed in the general economy." *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293–94 (11th Cir. 1986)); *Long v. Acting Comm'r of Soc. Sec. Admin.*, 749 F. App'x 932, 934 (11th Cir. 2018). "In considering whether a claimant can return to past work, the ALJ must (1) consider all the duties of the [PRW] and (2) evaluate the claimant's ability to perform the duties in light of his impairments." *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 953 (11th Cir. 2018) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)); *see* POMS DI 25005.050(B)(2) (noting that the ALJ should

consider whether "the claimant's RFC permits PRW as he or she performed it; *or* as generally performed in the national economy") (emphasis added).

In determining whether a claimant can return to PRW, the ALJ must consider "the individual's statements as to which past work requirements can no longer be met and the reason(s) for . . . her inability to meet those requirements" and "medical evidence establishing how the impairment limits [her] ability to meet the physical and mental requirements of the work." SSR 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982). In some case, however, "supplementary or corroborative information from other sources such as employers, the [DOT], etc., on the requirements of the work as generally performed in the economy" is required. *Id.* The DOT is useful in determining the functional demands and job duties of PRW "as generally performed in the national economy." POMS DI 25005.025(A); *see Christal A. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-cv-2440-RDC, 2022 WL 17078101, at *3 (N.D. Ga. Feb. 7, 2022) (noting that although an ALJ may rely on the DOT for the functional demands of a job "as generally performed," the "requirements of a specific former job actually performed" must be supplied by the claimant); *see also* POMS DI 25005.020(A) ("Do not use DOT information about work requirements as a measure of the accuracy of the claimant's description of his or her past job.").

When there is an "apparent" conflict between the VE's testimony and the DOT, the ALJ "has an affirmative obligation to identify the conflict[,] resolve it,"

and explain in the decision how the conflict was resolved. *Washington*, 906 F.3d at 1362; SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "A conflict is apparent if it is 'apparent to an ALJ who has ready access to and a close familiarity with the DOT.'" *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021) (quoting *Washington*, 906 F.3d at 1366). That is, the conflict is "reasonably ascertainable or evident." *Washington*, 906 F.3d at 1366. If an ALJ fails to address and resolve properly an apparent conflict, the ALJ's decision is not supported by substantial evidence. *Id.* at 1356.

At Plaintiff's hearing, the VE assigned DOT 737.687-074 to Plaintiff's "explosives worker" PRW. Tr. 69. DOT 737.687-074, which is labeled "laborer, ammunition assembly II," has the following description:

> Assembles and packs complete rounds of ammunition (projectile and cartridge), performing any combination of following tasks: Greases threads on fuses and starts them into threaded fuse sockets. Screws fuses into place, using screw press. Places primers in cartridge cases and stamps them in place, using press. Weighs and inserts propellants into cartridge cases. Brushes band of adhesive compound around base of projectile to seal cartridge. Gauges completed shells, using simple acceptance jigs. Stamps shell data on cartridge, using rubber stamp or stamping machine. Packs completed rounds in cardboard tubes. Stamps shell data on tubes, dips tubes in molten paraffin, and packs tubes in crates. Screws pierced and threaded plugs into bases of aerial bombs. Screws rod-supporting fin assembly into threaded hole in plug. Slips metal sleeves about bombs and packs them in metal containers, attaching tags with identification data to containers.

DOT 737.687-074, 1991 WL 680059 (Jan. 1, 2016). The VE opined, and the ALJ ultimately concluded, that Plaintiff was capable of performing her PRW as an "explosives worker" as Plaintiff actually performed it. Tr. 30–31, 71.

The VE reached his opinion, and the ALJ reached her conclusion, after Plaintiff testified that as an "explosives worker," she "cut string to a certain length," "tie[d] knots in string," and used a "stencil . . . to draw on . . . tubes." Tr. 60. Plaintiff also testified that she spent most of her day seated at her workstation and "didn't lift anything." *Id.* Plaintiff further testified that although she had a "quota," "it wasn't . . . a very high quota." Tr. 61. Plaintiff did not indicate that as an "explosives worker" she experienced "concentrated exposure" to moving and/or hazardous machinery or pulmonary irritants. *See Washington*, 906 F.3d at 1359 (noting that a claimant has a "heavy burden" of demonstrating that she is unable to perform PRW). Additionally, on appeal, Plaintiff does not point to any part of her vocational information that indicates she experienced these conditions in her PRW as an "explosives worker."

Plaintiff fails to demonstrate that the VE or ALJ erred at Step Four in concluding that Plaintiff is capable of performing her "explosives worker" PRW as Plaintiff *actually performed it*. In doing so, the VE and ALJ expressly relied on the Plaintiff's vocational information and testimony regarding the duties in her PRW as an "explosives worker." Tr. 31–33, 69–71; *Timothy A. v. Kijakazi*, No. 21-cv-688-

WJ-SCY, 2022 WL 3909289, at *4–5 (D.N.M. Aug. 31, 2022) (noting that it was not reversible error for a VE to rely on the plaintiff's own description of his past work, as opposed to a description set forth in the DOT), *report and recommendation adopted sub nom. Alexander v. Kijakazi*, 2022 WL 4365855, at *1 (D.N.M. Sept. 21, 2022); *Haernick v. Comm'r of Soc. Sec.*, No. 8:20-cv-2782-DNF, 2022 WL 1402836, at *3 (M.D. Fla. May 4, 2022) (noting that a claimant's statements regarding PRW "as she *actually* performed it are 'generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work'").

The fact that the VE and ALJ potentially referred to the wrong DOT number does not alter this conclusion. *See Scharber v. Comm'r of Soc. Sec.*, 411 F. App'x 281, 283 (11th Cir. 2011) (declining to consider whether the ALJ properly classified the plaintiff's PRW when determining whether the plaintiff "could perform the job as generally performed in the national economy" because substantial evidence supported the ALJ's decision that the plaintiff could perform her PRW as actually performed); *Anderson v. Kijakazi*, No. 1:20-cv-865-JTA, 2022 WL 3650619, at *4 (M.D. Ala. Aug. 24, 2022) (affirming the ALJ's determination that the plaintiff could perform past relevant work even though the VE and ALJ referred to the wrong DOT number); *Haernick*, 2022 WL 1402836, at *4 (holding that a misidentified DOT number was harmless error because the description of the plaintiff's PRW

requirements in the record demonstrated that she was capable of performing PRW); *Sheila R. v. Kijakazi*, No. 1:20-cv-4180-LTW, 2022 WL 17078098, at *6 (N.D. Ga. Mar. 3, 2022) (noting that the plaintiff failed to show any relevance of a misidentified DOT number describing how the work is generally performed, when the VE testified that the plaintiff could perform PRW as actually performed).

Because the ALJ determined that Plaintiff's RFC did not preclude PRW as an "explosives worker" as Plaintiff actually performed it, a reversal and remand to obtain "a more accurate DOT number" would be a "wasteful corrective exercise." *Haernick*, 2022 WL 1402836, at *4 (quoting *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022)); *see Dukes v. Saul*, No. 8:18-cv-2553-T-SPF, 2020 WL 755393, at *4 (M.D. Fla. Feb. 14, 2020) (determining that the ALJ had no duty to resolve at Step Four a conflict between the DOT and the VE's testimony because the VE testified that the claimant could perform her PRW as actually performed); *see also Hernandez v. Astrue*, 277 F. App'x 617, 625 (7th Cir. 2008) ("When a VE testifies that a claimant can still perform her past work as it was actually performed, the DOT becomes irrelevant.") (citing *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003)).

For the reasons set forth above, the ALJ's Step Four finding is supported by substantial evidence, and Plaintiff fails to demonstrate otherwise.

**B.**   **Plaintiff's Request That Her Case Be Remanded to a Different ALJ**

Plaintiff also argues that this action should be remanded for a *de novo* hearing before a different ALJ because the ALJ that adjudicated her case lacked constitutional authority to do so in light of 42 U.S.C. § 902(a)(3)'s for-cause removal restriction. Doc. 16 at 20–24.

Plaintiff contends, and the Commissioner does not disagree, that section 902(a)(3), the statute authorizing the Commissioner's removal only for cause, is unconstitutional insofar as the statute limits the President's authority to remove the Commissioner. The only issue before the District Court, therefore, is whether section 902(a)(3)'s unconstitutionality entitles Plaintiff to a remand for a *de novo* hearing before a different ALJ.[5]

A plaintiff seeking relief based on a provision that unconstitutionally limits the President's removal authority must show that the provision caused the plaintiff "compensable harm." *Collins v. Yellen*, 594 U.S. __, 141 S. Ct. 1761, 1788–89 (2021). That is, such a plaintiff must show "that the unconstitutional provision actually caused the plaintiff harm." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123,

---

[5] Because the parties do not dispute that section 902(a)(3)'s for-cause removal restriction is unconstitutional, the undersigned assumes that the parties are correct without making any finding or recommendation on this issue. *See Spirit Airlines, Inc. v. Maizes*, 899 F.3d 1230, 1233 n.1 (11th Cir. 2018) (assuming without deciding an issue that the parties agreed on).

1137 (9th Cir. 2021) (declining to hold that the existence of a potentially unconstitutional removal provision alone tainted an ALJ's decision).

Plaintiff essentially argues that because section 902(a)(3) limits the President's authority to remove the Commissioner of the SSA, former Commissioner Andrew M. Saul lacked any ability to delegate authority to the ALJ who adjudicated her case. Doc. 16 at 20. According to Plaintiff, the ALJ's decision is constitutionally invalid because the ALJ exercised a power she did not lawfully possess. *Id.* at 19–22.

In *Collins*, the Supreme Court held that the Housing and Economic Recovery Act of 2008's for-cause restriction on the President's authority to remove the director of the Federal Housing Finance Agency violated the separation-of-powers principles found in the Constitution. 141 S. Ct. at 1783. But the Court also held that because the director's appointment was proper under the Constitution, the director's actions were not "void *ab initio*," despite the unconstitutional for-cause limitation. *Id.* at 1787; *id.* at 1788 n.23 (noting that "the unlawfulness of [a] removal provision does not strip [an officer] of the power to undertake the other responsibilities of his office") (citing *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. __, 140 S. Ct. 2183, 2207–11 (2020)).

Applying the reasoning of *Collins* to Plaintiff's argument, section 902(a)(3)'s removal provision did not deprive former Commissioner Saul of his authority and,

by extension, did not deprive the ALJ of authority to adjudicate Plaintiff's case. To prevail on her argument, therefore, Plaintiff must show that section 902(a)(3)'s for-cause limitation caused her "compensable harm." *Id.* at 1788–89; *Decker Coal Co.*, 8 F.4th at 1137. But as noted above, the ALJ did not err in determining that Plaintiff was not disabled. Plaintiff, therefore, does not have a right to have a different ALJ handle her case or a right to a *de novo* hearing. *Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 420 (S.D.N.Y. 2022) (declining to remand a Social Security appeal because the plaintiff failed to show how section 902(a)(3)'s removal restriction "impacted the ALJ's decision to reject her appeal").

## VI. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **AFFIRM** the Commissioner's decision and **DISMISS** this action.

2.    Enter **FINAL JUDGMENT**, pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's decision.

3.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 3rd day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**