IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA BRATCHER,

    *Plaintiff*,

v.                                    Case No.: 4:22cv206-MW/MJF

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

    *Defendant*.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 20, and has also reviewed *de novo* Plaintiff's objections, ECF No. 21.

Plaintiff raises one issue; namely, that the ALJ failed to resolve the conflict between the VE testimony and the evidence in the record that Plaintiff's "explosives worker" job, as she actually performed it, involved the use of machinery. The VE testified that, having considered Plaintiff's vocational information, Plaintiff's "explosives worker" job as performed and testified to would still be available. Plaintiff notes that the ALJ's RFC finding limited Plaintiff to "avoid *concentrated exposure* to pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas, . . . moving machinery, and hazardous machinery." ECF No. 21 at

1–2 (emphasis added). Plaintiff asserts that because record evidence described Plaintiff's job as "operat[ing] machinery used in production process[,] examin[ing] products to verify conformance to quality standards[,] count[ing] finished products to determine if product orders were completed," and that the job "required the use of 'machines, tools or equipment,' " the ALJ had a duty to resolve the dispute as to whether Plaintiff's job, as she actually performed it, required concentrated exposure to moving or hazardous machinery. But the duty to resolve conflicts that Plaintiff identifies addresses only apparent unresolved conflicts between VE evidence and the DOT, not VE evidence and record evidence regarding Plaintiff's job as she actually performed it. Nor does there appear to be an apparent conflict between Plaintiff's limitation to avoid *concentrated exposure* to moving or hazardous machinery and her job description evidence noting that she operated or used machines.

    Accordingly,

    **IT IS ORDERED**:

    The report and recommendation, ECF No. 20, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. The Clerk shall enter judgment stating, "The Commissioner's decision is **AFFIRMED** pursuant to 42 U.S.C. §

2

405(g)." The Clerk shall close the file.

**SO ORDERED on January 19, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**